mal; nor were they told that, if they failed to find that the injuries to the animal were caused by the defendant's negligence, to return a verdict for the defendant. In view of the testimony upon which the case was submitted, and the omissions pointed out in the court's charge, we sustain the fourth assignment of error, and reverse the case because of the refusal of the trial court to give the following special charge requested by appellant: "You are instructed that a common carrier is not an insurer of the stock transported by it, but is bound only to transport the stock delivered it with ordinary care and dispatch, and, if you find from the evidence that plaintiff's mare was transported from Austin to San Antonio with ordinary care and dispatch, you will return a verdict for defendant, even though you may find from the evidence that plaintiff's said mare sustained some or all of the injuries alleged in plaintiff's petition."

Assignments presenting other questions of law are overruled; and, for the error referred to, the judgment is reversed and the cause remanded.

Reversed and remanded.

---

POPE v. PREWITT.

(Court of Civil Appeals of Texas. Jan. 19, 1911.)

APPEAL AND ERROR (§ 782*)—DISMISSAL—JURISDICTION—AMOUNT IN CONTROVERSY.

Where the amount in controversy is insufficient to give the Court of Civil Appeals jurisdiction of an appeal, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3123, 3124; Dec. Dig. § 782.*]

Appeal from District Court, Morris County; P. A. Turner, Judge.

Action between C. H. Pope and I. T. Prewitt. From the judgment, Pope appeals. Appeal dismissed.

J. E. Stewart, for appellee.

HODGES, J. In this case the appellant has filed neither brief nor assignments of error. It also appears in the record that the amount in controversy is insufficient to give this court jurisdiction, and the appeal is therefore dismissed.

---

PAINE v. ARGYLE MERCANTILE CO.

(Court of Civil Appeals of Texas. Nov. 19, 1910. Rehearing Denied Jan. 7, 1911.)

1. SALES (§ 358*) — CONTRACT PRICE — EVIDENCE.

On a dispute between a buyer and seller as to the price agreed upon, evidence of the value of the goods is admissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1052; Dec. Dig. § 358.*]

2. SALES (§ 358*) — CONTRACT PRICE — EVIDENCE.

On a dispute between the buyer and seller of cotton seed as to the price agreed upon, the buyer could show that a third person offered to sell to him at the price claimed by him, though the witnesses would not testify that the price offered was the market price.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 358.*]

3. SALES (§ 364*) — ACTION FOR PRICE — INSTRUCTIONS.

In a suit for the price of cotton seed, the price agreed upon being in dispute, the court should instruct that plaintiff could only recover on the proof of its allegations as to the terms of the contract, and that no recovery could be had for seed sold before the contract unless by amendment such sales were shown to be within its terms.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 364.*]

Appeal from Denton County Court; Lee Zumwalt, Judge.

Action by the Argyle Mercantile Company against J. H. Paine. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. C. Smith, Bottorff & Bottorff, and Geo. M. Hopkins, for appellant. Hopkins & Milliken, for appellee.

SPEER, J. This is an action by the Argyle Mercantile Company to recover from J. H. Paine a balance alleged to be due upon the contract price of certain cotton seed. The defendant pleaded a contract of different terms, and that he had paid plaintiff in full according to such terms. The trial before a jury resulted in a verdict and judgment for plaintiff, and the defendant has appealed.

On the trial appellant offered the following evidence: He proposed to testify himself that C. C. Yeatts of Denton offered to sell him all the cotton seed he would need for his cattle during the fall and winter of 1906 for $11.50 per ton, and by the witness Yeatts, who is shown to be the manager of a gin at Denton, that he did make such offer and would have sold appellant cotton seed at Denton, Tex., at that time for the price named. The court excluded this evidence upon the apparent objection that the witnesses would not testify that the price named was the market value of cotton seed at Denton, Tex. Denton is shown to be only a few miles from appellant's feeding pens, though not quite as near as appellee's place of delivery. Other similar rulings were made and in these rulings the court committed error for which the cause must be reversed.

There was a sharp conflict between appellant and appellee as to the terms of the express contract with reference to the sale of the seed; appellant testifying that the contract price was $11.50 to $12 per ton, while appellee's witnesses testified that ap-